# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARISSA MACEDO** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **Civil No. 4:17-CV-584-O** |
| | § | **(No. 4:16-CR-122-O-(11))** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Marissa Macedo ("Movant"), a federal prisoner, filed a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 1. Because it plainly appears that she is not entitled to relief, for the reasons explained below, the Court concludes that her Section 2255 motion should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings for the United States District Courts.

### Background

Movant pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(c). *See United States v. Velazquez*, 4:16-CR-122-O-(11) (N.D. Tex.). Before sentencing, Movant filed a motion for a downward departure or variance from the guideline sentencing range outlined in the Presentence Report ("PSR"). *See id.* at ECF. No. 418. She argued, inter alia, that her guideline sentence should be reduced based on her minimal role in the offense and in light of Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which clarified the factors a district court should consider when determining whether to reduce a defendant's offense level under U.S.S.G. § 3B1.2.

-1-

*See id.* at 1-8.  An amended PSR was prepared, and it noted that no such reduction was warranted because Movant "was an average participant in this conspiracy and was not any less culpable than the other participants." *See Velazquez*, 4:16-CR-122-O-(11),  ECF No. 454 at 4.  The Court adopted the PSR as amended but granted Movant's motion for a variance and sentenced her to prison for 120 months, well below the guideline range.  *See id.* at ECF No. 596.

Movant did not file a direct appeal.  However, she now moves under Section 2255 to reduce her sentence.  She raises a single claim–that the Court should have reduced her offense level under U.S.S.G. § 3B1.2 because of her minimal or minor role in the criminal conspiracy.  *See* ECF No. 1.

### Analysis

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears . . . that the moving party is not entitled to relief."  Here, it plainly appears that Movant is not entitled to relief because her "'attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-CV-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-CV-889-L & 3:04-CR-289-H, 2008 WL 1971390, at *1 (N.D. Tex. Apr. 30, 2008)); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that challenges to the district court's application of the sentencing guidelines "are not cognizable in § 2255 motions.").  That is, Movant's claim that the Court should reduce her offense level under Section 3B1.2 because she was "not as culpable as other participants in the criminal activity" is not cognizable in this Section 2255 proceeding.  *See United States v. Guerrero*, ___ F. App'x ___, ___, 2017 WL 2703676, at * 1 (5th Cir. 2017) (noting that the defendant's claim

that the district court should have retroactively applied Amendment 794 was not cognizable in a Section 2255 proceeding because "[c]laims of misapplication of the guidelines are not cognizable under § 2255."). Accordingly, it plainly appears that Movant is not entitled to relief under Section 2255.

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the reasons discussed above, Movant is entitled to no relief.

## Conclusion

This Section 2255 action is **DISMISSED** with prejudice.

**SO ORDERED** this **29th day** of **August, 2017**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**